```
                                                              FILED
                                                    UNITED STATES DISTRICT COURT
                                                         DENVER, COLORADO
      IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF COLORADO                  JUL 19 2011

                                                       GREGORY C. LANGHAM
Civil Action No. 11-cv-01487-BNB                                            CLERK
```

CHARLES COREY FRANKLIN,

  Applicant,

v.

CHARLES A. DANIELS,

  Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Charles Corey Franklin, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Franklin filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence in the United States District Court for the Northern District of Texas (Dallas) (Northern District of Texas). He also filed a supporting brief. He has paid the $5.00 filing fee.

On June 22, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Franklin to show cause within thirty days why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the Northern District of Texas. On July 13, 2011, Mr. Franklin submitted his response to the order to show cause.

The Court must construe Mr. Franklin's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

It is clear from the habeas corpus application that Mr. Franklin is attacking his federal conviction and sentence. Mr. Franklin asserts that he had ineffective assistance of counsel (claims one and two) and that his criminal proceedings violated "the integrity of justice" (claim three). Application at 3.

According to www.pacer.psc.uscourts.gov, Mr. Franklin was convicted on charges of obstruction of commerce, bank robbery, and aiding and abetting in the Northern District of Texas Criminal Action No. 00-cr-00468-H. He was sentenced to 360 months of imprisonment, followed by 3 years of supervised release. Judgment was entered on the docket on June 8, 2001. Mr. Franklin did not appeal from his conviction and sentence. On December 19, 2005, he filed a motion to vacate, set aside, or correct sentence pursuant to § 2255, which the sentencing court denied on November 30, 2006. He did not appeal from the denial. On November 24, 2010, he again filed a motion pursuant to § 2255, which the sentencing court transferred to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) on January 7, 2011, as second or successive. On March 7, 2011, the Fifth Circuit denied his motion for authorization to file a second or successive § 2255 motion.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A

petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Franklin fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. The fact that Mr. Franklin has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. ***See Williams***, 323 F.2d at 673. The fact that Mr. Franklin is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. ***See Caravalho***, 177 F.3d at 1179. Section 2255's limitation on second or

3

successive § 2255 motions does not violate the Suspension Clause. See *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Moreover, "the substitution of a collateral remedy [such as § 2255] which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1997). Because Mr. Franklin has not shown that the remedy of § 2255 is inadequate or ineffective, the Court rejects his suspension argument. The application will be denied and the action dismissed because Mr. Franklin has an adequate and effective remedy pursuant to § 2255. Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2241 filed by Applicant, Charles Corey Franklin, is denied because he because has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court.

DATED at Denver, Colorado, this __19th__ day of ___July___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01487-BNB

Charles Corey Franklin
Reg. No. 26057-177
USP Florence - High
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 19, 2011.

                                  GREGORY C. LANGHAM, CLERK

                                By: _____
                                              Deputy Clerk